UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER M. MACY, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  No. 1:19-cv-03066-SEB-MJD |
| DESHAUN ZATECKY, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Christopher M. Macy for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 19-03-0016. Dkt. 1. The respondent has responded, dkt. 9, and the petitioner has replied, dkt. 14. For the reasons explained in this Entry, Mr. Macy's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On February 23, 2019, Sergeant B. McNally charged Mr. Macy with offense B-231, use of intoxicants, in case ISR 19-03-0016. The conduct report filed by Sgt. McNally states:

> On February 23, 2019 at the approximate time of 7:25 pm, I (Sgt. B. McNally) noticed offender Macy, C. #956245 was laying down on the floor of 1F range screaming. When I approached him, I noticed he was unresponsive and his face and throat area was turning purple in color. I called a signal 3000 with stretcher and medical staff to respond immediately. When first responders arrived, he (Macy) then started to have convulsions. As the stretcher arrived, the responders were able to secure the offender to the stretcher and taken him to the infirmary to seek medical treatment. The offender was then kept over there in the infirmary for further evaluation.

Dkt. 9-1 (errors in original).

According to the prison's infirmary records, Mr. Macy arrived at the infirmary at 7:58 pm on February 23, 2019. Dkt. 9-2 at 1. Upon his arrival, Mr. Macy was "still unresponsive." *Id.* at 2. Mr. Macy showed no signs of injury but was "difficult to arouse," and medical staff noted that his pupils were "dilated and sluggish." *Id.* On arrival, Mr. Macy was administered Narcan (naloxone) intravenously. *Id.* According to the Food and Drug Administration, "[n]aloxone is a medication that rapidly reverses the effects of opioid overdose and is the standard treatment for overdose." *See* https://www.fda.gov/drugs/postmarket-drug-safety-information-patients-and-providers/information-about-naloxone (last visited August 4, 2020). After receiving Narcan, Mr. Macy "became responsive." *Id.* at 3. Medical staff then performed an electrocardiogram (EKG) scan on Mr. Macy, and the results were normal. *Id.* at 2. Mr. Macy then had his blood drawn for testing and was placed on a 23-hour medical hold. *Id.* at 2-3.

On March 13, 2019, screening officer R. Cochran notified Mr. Macy of the charge of use of intoxicants brought against him and provided Mr. Macy with the conduct report and the notice of disciplinary hearing (screening report). Dkt. 9-5. Mr. Macy pled not guilty. He indicated that he

did not wish to call any witnesses, but he did request the results of a blood test taken on February 23, 2019, and urinalysis results taken on February 24, 2019. Indiana Department of Correction (IDOC) officials postponed the hearing three times, each time citing both excessive caseload and staff shortage as the reasons for postponement. Dkts. 9-6, 9-7, 9-8.

On March 18, 2019, in an email, the disciplinary hearing officer asked prison medical staff "what was wrong" with Mr. Macy. Dkt. 9-3. Specifically, the hearing officer asked if Mr. Macy's blood sugar level could have been the cause of his health problems. *Id.* The Director of Nursing, C. Stephens, responded that the problem was not related to Mr. Macy's blood sugar. *Id.* Stephens went on to say that "Narcan will only work for drug use…", and because Mr. Macy responded to the administration of Narcan, his problem must have been caused by a drug overdose. *Id.*

On April 9, 2019, a hearing was conducted in case ISR 19-03-0016. Dkt. 9-9. Mr. Macy pled not guilty to the charge. *Id.* His statement at the hearing was memorialized in the following terms: "Did a urinalysis 2/24/29 came back negative…4-9-19 - If they would have done a drug test they would see everything was negative. Never been written up for use of intoxicant." *Id.* The hearing officer considered the lab results of the samples taken by the medical staff, the statements of the nurse, Mr. Macy's statement, and the conduct report and found Mr. Macy guilty of using intoxicants in violation of Code B-231. *Id.* Sanctions were imposed, including a 15-day deprivation of earned credit time. *Id.*

Mr. Macy's appeals to the facility head and to the final reviewing authority for IDOC were denied. Dkts. 9-10, 9-11.

**C. Analysis**

Mr. Macy alleges that his due process rights were violated in the disciplinary proceeding. His claims are: (1) the conduct report does not support the charge; (2) the hearing officer refused

3

to allow him to present urine and blood test results at the hearing;  (3) the evidence confirmed that he was having a medical issue, not that he used intoxicants; and (4) the nurse's email statement was based on hearsay evidence and should not have been credited. Dkt. 1 at 3-4. The Court construes these claims as denial of adequate notice, denial of evidence, and a challenge to the sufficiency of the evidence.

Mr. Macy's first claim is that he was denied adequate notice. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)); *see also Brenneman v. Knight,* 297 F. App'x 534, 537 (7th Cir. 2008) (same). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

Mr. Macy argues that the body of the conduct report did not state that his symptoms were caused by being under the influence of an intoxicant or inhalant. The conduct and screening reports informed Mr. Macy that he was being charged with "use of intoxicants." The conduct report stated that he was heard screaming, was found lying on the floor unresponsive and then went into convulsions, and was then taken to medical.

By notifying Mr. Macy of the charge, "use of intoxicants," he was adequately notified of the reporting officer's belief that he had used intoxicants. Mr. Macy reflected this knowledge by asking for blood and urine tests at screening to support his defense. Mr. Macy was put on notice of the rule violation and the facts supporting the charge. He also had more than 24 hours to prepare his defense. There was no due process violation with respect to the notice of the charge.

Next, Mr. Macy argues that he was denied evidence. Inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (internal quotation omitted). "Evidence is exculpatory if it undermines or contradicts the finding of guilt, and it is material if disclosing it creates a reasonable probability of a different result." *Keller v. Cross,* 603 F. App'x 488, 490 (7th Cir. 2015) (internal citations omitted). Any due process violation, however, is harmless unless there is a showing of prejudice. *Jones,* 637 F.3d at 846-47.

Mr. Macy wanted to present the results of the blood work and the urinalysis. The hearing officer, however, considered the "lab results from medical." Dkt. 9-9. This alone defeats this claim. In his reply, Mr. Macy concentrates on the denial of the urine test results. Dkt. 14. He argues that the urine test came back negative for all detectable intoxicants. *Id*. at 7-8. He contends that this evidence was exculpatory and should have been considered. But, as noted, the hearing officer did consider the lab tests and Mr. Macy's statement that the urine test came back negative. The Court cannot reweigh the evidence.

In addition, the hearing officer considered Mr. Macy's defense that a medical condition caused his symptoms on February 23, 2019. In response to Mr. Macy's request for the medical evidence, the hearing officer asked medical staff what caused the incident. Dkt. 9-3. She also asked whether Narcan only works for a drug overdose. *Id.* The Director of Nursing responded that "this was not related to his blood sugar. Narcan will only work for drug use so it had to have been OD." *Id.*

The medical evidence was considered by the hearing officer, but she still found Mr. Macy guilty of the charge. There was no due process error regarding Mr. Macy's request for evidence.

5

Mr. Macy's third and fourth claims challenge the sufficiency of the evidence. The evidentiary standard for disciplinary habeas claims, "some evidence," is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison*, 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Offense B-231 intoxicants, is defined as: "Making or possessing intoxicants, or being under the influence of any intoxicating substance (e.g. alcohol, inhalants)." Dkt. 9-12 at 7. Mr. Macy argues that there was evidence that he was having a medical issue and that he did not use any intoxicants. Mr. Macy contends that he was having problems with his red blood cell count, hematocrit levels, and hemoglobin count, but there is no evidence that any of those levels would have caused him to scream, become unconscious, turn purple, and have convulsions. Moreover, to the extent there was conflicting evidence, that does not require a hearing officer to find in his favor. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). "Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Id.* In this case, the symptoms Mr. Macy displayed that were described in

6

the conduct report and the fact that the Narcan worked to revive him constituted "some evidence" that he had used an intoxicant. The fact that other evidence did not support that finding does not render the hearing officer's conclusion arbitrary.

In addition, Mr. Macy's contention that the email from the nursing staff was hearsay lacks merit because hearsay evidence is not prohibited in disciplinary proceedings. *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020) ("hearsay is 'some evidence'"). There was some evidence to support the charge.

Mr. Macy was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Macy's due process rights.

### D. Conclusion

For the above reasons, Mr. Macy is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/10/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER M. MACY
956245
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel

7